IN THE SUPREME COURT OF NORTH CAROLINA

No. 292A19

Filed 5 June 2020

IN THE MATTER OF: C.R.B. and C.P.B.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from order entered on 17 May 2019 by Judge Scott Etheridge in District Court, Randolph County. This matter was calendared for argument in the Supreme Court on 18 May 2020 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Chrystal Kay for petitioner-appellee Randolph County Department of Social Services.*

*Winston & Strawn LLP, by Stacie C. Knight, for appellee Guardian ad Litem.*

*Vitrano Law Offices, PLLC, by Sean P. Vitrano for respondent-appellant mother.*

*J. Thomas Diepenbrock for respondent-appellant father.*

NEWBY, Justice.

Respondents, the mother and father of the minor children C.R.B. (Rose) and C.P.B. (Patrick), appeal from the trial court's 17 May 2019 order terminating their parental rights.[1] Counsel for respondents have filed no-merit briefs pursuant to

---

[1] The pseudonyms "Rose" and "Patrick" are used to protect the identity of the juveniles and for ease of reading.

Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude the issues identified by counsel in respondents' briefs are meritless and therefore affirm the trial court's order.

On 23 May 2017, Randolph County Department of Social Services (DSS) filed petitions alleging Rose and Patrick were neglected juveniles. DSS specifically alleged: (1) the children had been exposed to substance abuse in the home; (2) the children had been exposed to domestic violence between respondents; (3) respondents had violated prior safety plans for the children; and (4) respondents had not secured necessary mental health treatment for Patrick. The trial court entered an order adjudicating Rose and Patrick to be neglected juveniles on 15 December 2017.

By an order entered on 28 January 2019, the trial court set Rose's primary permanent plan as adoption and her secondary permanent plan as reunification with respondent-mother. Patrick had initially indicated he did not want to be adopted, but later changed his mind. After a hearing on 27 March 2019, the trial court entered an order setting his primary permanent plan as adoption and his secondary permanent plan as reunification with respondent-mother. DSS filed motions to terminate respondents' parental rights to the children on the grounds of neglect and willful failure to make reasonable progress to correct the conditions that led to the children's removal from their home. *See* N.C.G.S. § 7B-1111(a)(1), (2) (2019). After a hearing on 4 April 2019, the trial court entered an order on 17 May 2019 terminating

respondents' parental rights based on both grounds alleged in the motions. Respondents appealed.

Counsel for respondents have filed no-merit briefs on their clients' behalf under Rule 3.1(e) of the Rules of Appellate Procedure. In their briefs, each counsel identified three issues that could arguably support an appeal, but also stated why they believed each of the issues lacked merit. Counsel have advised respondents of their right to file pro se written arguments on their own behalf and provided them with the documents necessary to do so. Neither respondent has submitted written arguments to this Court.

We carefully and independently review issues identified by counsel in a no-merit brief filed pursuant to Rule 3.1(e) in light of the entire record. *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019). After conducting this review, we are satisfied the trial court's 17 May 2019 order is supported by clear, cogent, and convincing evidence and based on proper legal grounds. Accordingly, we affirm the trial court's order terminating respondents' parental rights.

AFFIRMED.